Our next case for argument is 22-1477, Vederi v. Google. Mr. Lee, please proceed. Good morning, Your Honors. May it please the Court, I'm Sean Lee. I'm appearing today on behalf of Vederi, LLC in this appeal from the Patent Office in the Interparties Reexamination. There are many issues to cover, and so if the panel would prefer to direct me to any particular issues you want me to discuss first right away, I'm happy to do so. If not, I will proceed with the first disputed claim term, which would be navigation direction. In the decision on appeals in this case, the Board construed the navigation direction based on its plain and ordinary meaning. In Vederi's opinion, the Board failed to consider the term that the navigation directions are based relative to a current or first location. In response to the argument... Let me interrupt you for a minute. Navigation direction. It was a little bit unclear to me exactly what you thought this term meant. Right. You know, because I think there was some suggestion that you thought there was no limitation on the number of directions. Correct. But then later in your reply brief, you seemed to disagree with that. So could you clarify for me what you think it means? Right. So in the specification, we gave some examples of navigation directions. The basic technology is about trying to navigate through the streets of a city. And so if you are at an intersection in the city, then you can navigate perhaps north, south, and east, west if the streets are aligned according to the perpendicular grid. If there's a diagonal street that ran from, say, southeast to northwest, then perhaps navigation direction would be either southeast or northwest. But it would kind of depend on the context of the situation where the user can navigate to. If you're in the middle of a block and on a street that ran north, south, navigation directions could be north or south. Why didn't you forfeit that by not having appealed it earlier? Your Honor, the current case is being decided under the Phillips standard. And the prior case in Area 1 was decided under the broadest reasonable interpretation standard. These are different claim construction standards. And therefore, we believe that the claim is entitled to a new review. So, okay. So it was your view. You didn't challenge navigation direction interpretation in the first appeal because you thought you would lose under BRI? We thought that we want to focus on the strongest issues. We thought the most surprising one was that in the previous appeal that moving could be construed as stationary. So we want to focus the briefs on those issues. But under our law, you have to raise all the issues in the first appeal. Understood, Your Honor. And you didn't raise that issue. Yes. So I'm having a hard time understanding why you should be able to raise it now. Right. And our feeling is that the broadest reasonable interpretation is a very broad interpretation. But why? Okay, continue on. Yes, and so we had a stronger position, we think, that under the Phillips standard, it would be construed, in our view, properly based on specification. What is it? Could you explain more specifically why changing from broadest reasonable interpretation to Phillips so changes your chances on appeal that you should be able to raise this issue that you didn't previously raise? I think the, I think part of the idea is that under the Phillips standard, there is a heightened focus on specification and the teaching of specification. And we are focusing on the language and specification regarding the embodiments about navigation direction. There was some reliance in the prior appeal regarding navigation directions and sort of reading and experiencing evidence, such as the prior art references. I guess I'm sort of where I think that Judge Stoll is. While even if it isn't somehow waived, because there's a different standard, there is, whether we consider it a law of the case or something like that, you had the opportunity to challenge whether the definition of location was correct as decided by the board under the BRI standard and you chose not to. Sorry? Location or the navigation direction? Navigation one, sorry. Navigation direction limitation. But you chose not to, correct? I think so, right. So there has to be a law of the case that applies that stands for the proposition that under the Broadest Reasonable Interpretation, navigation direction is exactly what the board says it was. So we have to accept that as a factual predicate. So what you now have to prove to us is there's daylight between the Broadest Reasonable Interpretation and the Phillips standard. Because the Broadest Reasonable Interpretation isn't something we can re-question again. So what you have to show is, okay, look, we couldn't win or we didn't win under Broadest Reasonable Interpretation, but we should win under Phillips because here is the difference. Right. And I haven't seen you do that. Right, Your Honor. And I think neither party has cited cases that show differences between the two standards. But you're the appellate. You're the appellate. Yes, Your Honor. Yes, Your Honor. And the case that was cited by the council was that in most cases, the constructions are the same. And we are very confused as to what is excluded by the most. Most to me, 51% of the cases. And so I think in our view, this is the focus on the specification and showing that, look, in our discussion of navigation direction, what we mean is you are at a first location and you are navigating to some other location because you're walking down the street and you decide, well, I'm gonna go east today and see what's on there. But you could have made those arguments before in the face of the BRI standard and you didn't. So what makes it such that those arguments would not have applied in the BRI context but do apply now in the Phillips context? Your Honor, I don't have a good answer for that. Do you wanna move on to another issue? Yes, please. Okay. So I think there was also a challenge to the question of location because location was first, within that- That issue was not even raised before the board, right? Correct, because in the- Why didn't you raise that here before us when the issue wasn't raised before the board? Your Honor, as I recall the record from 760 re-exam at very least, in the decision on appeal, the board found that the entire navigation direction limitation, which includes the location limitation, would be construed under the plan and order you're meeting and did not explicitly construed location. Now, in our request for rehearing on that decision, we raised various disputes regarding the construction of navigation direction limitation and in the board's decision denying request for rehearing, they then first included the comment that location should encompass a street or region. There was no opportunity to dispute the board's construction on that term on the word location within the full navigation direction limitation until now. Did that interpretation come from the petition or anywhere? I think, as I recall- Did they know you're suggesting that nobody ever argued that? I think it was first raised by the board and it's just denial of rehearing. That is my recollection of the record. So, even if it was plain and ordinary meaning, meaning that it could be a specific address and house number on a street or it could be the name of a city, that nobody ever raised that in the record before that time? Right, I think our position was that- I thought maybe it was raised, but I'm interested in seeing what Google's counsel has to say about it. I guess I may be misrecalling the record, but as far as I understand, we have always argued that a location is a location, like a very specific address or a point. I understand you may have, but if Google argued something differently, then you could have been on notice  as a claim construction issue that you failed to raise before the board. Right? Right. Okay. So, I guess based on well, our proposed claim construction of the navigation direction and location, the cited references we believe do not teach us these limitations. One of these being the Dykes reference, which discloses a map that has various hotspots that can be chosen by the user. And so the user can click on one hotspot and see a panorama at that location. This is not selecting a navigation direction or showing an image based on the navigation direction from a first location relative to that first location. You're arguing as if you were just beginning this whole process. But the question is whether the board has substantial evidence, which is just a reasonable amount of evidence that Dykes and Schiffer disclosed navigation direction. Why don't you address what the board said and point out why you believe there wasn't substantial evidence supporting that. Right. I think the board said that some of the arrows in Dykes disclose a navigation direction. So there are panoramas that are shown in Dykes that have down pointing arrows and selecting one of those arrows would select another panorama. Those are the teachings of Dykes. Now, it is Videri's position that the board was incorrect in saying that choosing one of those arrows is selecting a navigation direction because choosing the arrow, in Videri's view, directly selects a panorama associated with that arrow and there is no determination of a second location based on the user input. You want to save the remaining time for rebuttal, Mr. Lee? We're already there. Good morning, your honors, and may it please the court. David Omelin for Apelli. Google with me is my colleague, Daniel Silverman. Unless your honors would like me to begin with a different area, I plan to first address forfeiture and law of the case and then address the navigation limitation and whether Dykes discloses that. I begin with forfeiture and law of the case because this is not a instance in which it's a simple appeal from a simple board decision. There have been over 11 years during these four re-exams, there have been many board decisions, and there has been one prior appeal to this court in which Judge Stahl, Judge Lurie, and Judge Newman addressed some of these issues and weren't permitted to address others because they were forfeited. Law of the case and forfeiture applies differently to the different claim limitations, so I want to split them up. I'll first start with law of the case and that applies to, of course, the construction of composite image. Chief Judge Moore, you asked, well, what is the daylight between what was argued before and what was argued now? Which is the right question because law of the case is not a strict rule. It's rather a rule of discretion that this court uses prompted by the policies of fairness and finality. Here, there is no daylight. Nearly the identical claim construction was argued the first time before this court under nearly identical arguments. They made the same arguments about the specification, about importing limitations therefrom. They made the same arguments about the claim that they do on appeal, and during Vidiri I, this court fully considered all of those arguments and said, under the broadest reasonable interpretation, composite image means X. The board, applying plain and ordinary meaning, reached the exact same conclusion for the exact same reason. And so when asked the question, well, why doesn't plain and ordinary meaning and BRI mean the same thing, counsel said, I don't have an answer. But the answer is, there is no daylight between these terms. They're exactly the same. I want to address, Your Honor, just two quick decisions before I move on to forfeiture. And these decisions stand for the point that law of the case does not have to have a one-for-one identity. Close enough is good enough because the policies behind law of the case. That was the Gindis case that we cited from this court in which there was a difference in procedure, and the court said that's still good enough. And another one which we didn't cite because, of course, this argument was raised in their reply is the decision of ORMCO Corp. against Align Technology. In that court- Can I just be clear about something? Your argument is not that there is never a difference between, or can never be a difference between a construction under BRI and a construction under Phillips, is it? It is not, Your Honor. Your argument is that in this case, they haven't made any arguments that would justify a differentiation under those two standards. Yes, Your Honor, and I'll go even a little bit further. Not only have they said in their previous briefing that there is any daylight between them, they argue the same construction for the same reason, which, of course, prevents any daylight because Judge Stahl, Judge Lurie, and Judge Newman already considered those exact arguments in Badiri 1. There's no difference here. Well, they considered those arguments, though, under a BRI standard, not under a Phillips standard, and those two standards could result in a different outcome. Theoretically, yes, but here, no, because Badiri 1 looked at all of the arguments about whether or not the specification disclosed alternative embodiments, whether those embodiments should be imported into the claims, whether dependent claims changed what the independent claim was. All of the arguments that are presented on this appeal were presented under the previous appeal. The way I look at it is we could either look at this under the Phillips standard and say, we still think we're right, or maybe more appropriately, look at law of the case, but what could they, potentially, hypothetically, could they have done here to show that we had to go beyond law of the case and actually look at the claim construction arguments under the Phillips standard? What, if anything, would have to be shown in your view? I'm just curious. So I'll answer that hypothetical, but I first want to agree with your premise. I think it's right. You look first is, is there forfeiture? If there is forfeiture, you don't even have to address the merits. Now you address the merits. If you don't agree, there's forfeiture, and if you address the merits and you say, under PRO, it's the same as BI, it's the same. Right. What could they have done? What could they have done is argued, well, under BRI, this particular limitation broadly encompasses blank, whereas plain and ordinary meaning would exclude that. In other words, the Venn diagram between the two are different. Here, to Chief Judge Moore's point, they didn't argue there's any daylight between them because they present the same arguments. Theoretically, a claim could be different, but this is not one of those. That's law of the case. I want to talk now about forfeiture. So law of the case applies to composite image, and that of course applies to three of the claims on appeal. Forfeiture applies, likewise, to three of the patents on appeal, but it applies to two of the claim limitation, navigation direction, and arbitrary address. Here, counsel was asked, well, why didn't you appeal those issues during Vidiri I? Counsel responded, quote, they wanted to focus on the strongest issue, end quote. That's the whole premise of forfeiture. Attorneys make decisions about what to appeal, and under this court's decision in Vivant, when they don't appeal certain issues, they forfeit them. It's a rule of fairness, it's a rule of efficiency, because otherwise you have what has happened here. They could have raised those issues during the first appeal. They didn't, and now at the end of this 11-year re-exam process, we're arguing issues that could have been argued earlier. One of the arguments that was made was that forfeiture would not apply if, in fact, they could show that there's daylight between the BRI interpretation and the Phillips interpretation. Do you agree with that? In theory, I would. That if there would be some sort of difference between what they could have appealed and what they're actually appealing, but again, there was no argument that there is daylight here. Not only that, I wanna point to a couple places in the record where they did argue what they're arguing on appeal. So if you look on the 025 re-exam regarding the limitation navigation direction, they made the same claim construction argument, and they argue that Dykes did not disclose it, and that is not true. Are you addressing now specifically what their claim construction was, or are you trying to show that they did raise it below, or what is your point? The latter, the forfeiture. Okay. Both claim construction. And then what page are you looking at? Yes, your honor. And so just to be clear, what was forfeited is both the claim construction as well as the invalidity argument that Dykes didn't disclose that claim limitation. In appendix 1584 through 1585, and 1901 through 1904, they raised those claim construction arguments, and they raised the invalidity arguments. The examiner rejected it in appendix 1242, sorry, 2042 through 2043 and 2045, which the board affirmed in 2124 through 2160, and 2654 through 2655. In other words, the claim construction arguments and the invalidity arguments they make now, they made before the patent office, before the first appeal. They chose not to appeal them, hence forfeiture. If we want to go to arbitrary address, the same thing happened. The deary could have raised these issues under the first appeal, chose not to, hence forfeiture applies. And again, directing your honors in the record, the deary proposed to the board the same claim construction about unassigned limitation that it proposes here, appendix 739 through 740, and they argued, among others, that it doesn't disclose, that ye does not disclose the unassigned address, this is appendix 7052 through 7053, and then the board rejected that, both the claim construction and the invalidity argument in 7053 through 36, and 7055 through 57. In other words, before you even get to the merits of any of the arguments, you first have to consider law of the case and forfeiture. Both of these squarely apply here. They're not binding, they're rather a rule of discretion. Here, there's been no argument that that discretion should be exercised because of daylight, and to the contrary, the policies behind law of the case and forfeiture are on for here. Unless there's any additional questions, I'll go to the dikes, whether that discloses the navigation direction limitation. So, council argued that dikes does not disclose the navigation direction. Before we get to the merits of that, I wanna make two points. One, forfeiture. Your honors don't even have to address that question. Two, Judge Lurie's point about substantial evidence. Here, it's not whether an independent review of whether dikes discloses it is a question, it's whether there's substantial evidence to support it. And if you look at the board's decision, among other places, on appendix 12, sorry, appendix 226, it detailed an extensive mapping of how dikes discloses each of the two parts of the navigation direction. What Vadiri is essentially arguing is each of those limitations in turn. In other words, it's saying this particular part of the board's decision was wrong, and this particular part. But if you look at what the board did, especially in analyzing figures two and three, it analyzed it as a whole. Essentially, the whole idea behind how dikes works is you need to be able to both pan and select. And it's those combinations of the two that allow you to go from location to location. The focus here is on what the board did, and the board considered this issue over 11 years in substantial detail, and that decision is entitled to deference. Unless your honors have any questions about any of the other limitations, I will submit. Okay, thank you, counsel. Mr. Liu, you have some rebuttal time. Thank you, your honors. So during my opening arguments, I did not get to the point of composite images. The opposing counsel did raise the question of whether there was some daylight between the BRI standard and the Phillips standard. May I raise a response regarding composite images in that regard? Well, I mean, he brought up composite image and talked about it, so I think he opened the door, so go ahead. Thank you, your honor. In the board's instructions of composite images, they, in our understanding, use the prior art references, such as Yi and Lachinsky, in its construction of the term composite images. Our view is that under the Phillips standard, we should not be construing the composite images in that way. The reason we believe so is that they... Make sure I understand. You're saying that under the BRI standard, it's okay to look to the prior art to determine what composite images means, but under Phillips, it's not? That is more or less what I'm saying. I don't know that that's correct. What law do you have for that? So under the broad reasonable interpretation, extrinsic evidence is allowed as part of the construction standard. And you're saying under Phillips, extrinsic evidence is never allowed? It's given less weight than it is under the BRI standard, is my understanding. That the focus, there's a heightened focus on specification under the Phillips standard than there is under the BRI standard. The weighting of the factors is different. Do you have any case law to support that? I have just language of Phillips that says the specification is key. And if that, if there is, I think it's quoted in our briefs. But that- But isn't broadest reasonable interpretation broadest reasonable interpretation consistent with the specification? Sorry? Don't we understand the broadest reasonable interpretation? It's not just broadest reasonable interpretation. It's broadest reasonable interpretation in view of the patent specification. Yes, Your Honor. And I believe that- So that patent specification is also important in BRI. Yes, Your Honor. And that makes sense, right? Yes, Your Honor. Okay. And I think our view is that the board didn't provide enough weight. We still disagree with the board's decision before based on the broadest reasonable interpretation. And we disagree with them, again, under the Phillips standard. I think in the board's instruction of composite images, they were reading them to include multiple images placed side by side. And we think that that is an incorrect application of the Phillips standard. The composite image should be construed based on the specification, as you noted. And in the specification, we construed composite images or composite images should be construed to mean a continuous image, a single sort of panoramic view, if you will. Whereas placing four images side by side that have no relation to one another as described in the only embodiments, or sorry, in the only examples given in Yee, Lachinsky, and the Geospan brochure would be inappropriate. If Your Honors have no further questions. Okay. Thank you, both counsel. This case is taken under submission.